UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                 DECISION AND ORDER
   v.               08-CR-92A

DAWSON WOOD,

       Defendant.

Following his conviction after trial for unlawfully importing 100 kilograms of marijuana into the United States, possessing 100 kilograms of marijuana with the intent to distribute it, and fraudulently importing merchandise into the United States, the defendant filed a motion for a new trial pursuant to Fed. R. Crim. P. 33. The defendant argues that a new trial is warranted based upon the erroneous admission of certain evidence under the business record exception to the hearsay rule. Because the Court finds no error in the admission of the records at issue, the defendant's motion for a new trial is denied.

## DISCUSSION

I. **Rule 33 Standard**

Rule 33(a) of the Federal Rules of Criminal Procedure provides that a trial court "may vacate any judgment and grant a new trial if the interest of justice so requires." The defendant bears the burden of showing that a new trial is required. See United States v. Sasso, 59 F.3d 341, 350 (2d Cir. 1995). The ultimate test in a Rule 33 motion

is whether 'it would be a manifest injustice to let the guilty verdict stand." See United States v. Guang, 511 F.3d 110, 119 (2d Cir. 2007) (quotation omitted); see also United States v. Canova, 412 F.3d 331, 349 (2d Cir. 2005). Further, where as here the defendant seeks a new trial based upon erroneous evidentiary rulings, a new trial should not be granted unless the error was "of sufficient magnitude to require reversal on appeal." See United States v. Ringwalt, 213 F. Supp. 2d 499 (E.D. Pa. 2002); see also 3 Charles A. Wright, et al., Federal Practice and Procedure: Criminal, § 556, at 530 (3d ed. 2004) ("Any error of sufficient magnitude to require reversal on appeal is an adequate ground for granting a new trial.").

## II.  GPS and Cellular Telephone Records properly admitted under 803(6)

The evidence at issue in this case consists of cellular telephone and satellite tracking device (aka "GPS") records. The defendant was a truck driver for TruckDepot Expedite (TruckDepot), a freight line trucking company based in Mississauga, Ontario, Canada. The charges against the defendant arose after the defendant was arrested while trying to enter the United States from Canada at the Peace Bridge in Buffalo, New York. Customs agents discovered a pallet of marijuana concealed in the back of the TruckDepot truck that he was driving.

At trial, the government sought to establish that the defendant picked up the truck from the TruckDepot trucking yard in Hanlan, Ontario, and then took an unscheduled detour to a place called Winona, Ontario (presumably to pick up the marijuana), before heading through Buffalo *en route* to the scheduled delivery place in

2

Illinois. To support its theory, the government introduced evidence consisting of GPS records that purported to establish the whereabouts of the defendant's truck at various times on March 30, 2008, the date the defendant was arrested with the marijuana in his truck.

The government also introduced cellular telephone records from an employee of TruckDepot named Sonny Poonia. Poonia was the TruckDepot dispatcher who had arranged for the defendant to pick up the truck on the date at issue and drive it to Illinois. Poonia's cellular telephone records were introduced to contradict certain portions of a statement that the defendant had made to authorities upon his arrest.

Both the GPS and cellular telephone records were admitted under the business records exception to the hearsay rule, which provides:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

See Fed. R. Evid. 803(6). To lay a proper foundation for admission of a business record, the party seeking to have the record admitted must establish: (1) that the record was kept in the course of a regularly conducted business activity, and (2) that it was the regular practice of that business activity to make the record. See Phoenix Assocs. III v. Stone, 60 F.3d 95, 101 (2d Cir. 1995). "This foundation must be established by the

'testimony of the custodian or other qualified witness' of the record." Id. (quoting Rule 803(6)).

In this case, the witness who laid the foundation and testified as to the accuracy of the telephone and GPS records was Chanderkant Jain, the owner of TruckDepot. However, neither Jain nor TruckDepot prepared the records. Instead, the cellular telephone records at issue were created by "Rogers" a cellular telephone provider from Ontario, Canada. See Gov't Ex. 33, and the GPS records were created by an entity named "Qualcomm." See Gov't Ex. 34. The government did not offer a witness from either Rogers or Qualcomm.

As to the GPS records, Jain testified that each TruckDepot truck is equipped with a GPS system that monitors the whereabouts of the truck. The tracking device is located in the "tractor" or cab portion of the truck, not in the trailer. Jain testified that TruckDepot does not contract directly with Qualcomm, the GPS provider. Instead, TruckDepot "leases" or "rents" about 10 to 12 Qualcomm satellite tracking systems from another trucking company - Panther Transportation. Thus, it is Panther Transportation, and not TruckDepot, who is Qualcomm's customer.

In order to ascertain the whereabouts of any TruckDepot truck, Jain testified that he or a TruckDepot employee would enter a log-in code on the Panther Transportation website and download GPS information as to that truck. Jain testified that he or other employees of TruckDepot would frequently verify the accuracy of the GPS information by simultaneously contacting the truck driver at issue and asking the driver exactly where he was. Jain testified that he relied upon the GPS tracking information in the

4

regular course of his business and that the GPS records created in this manner were maintained in the ordinary course of TruckDepot's business.

Jain was also the foundation witness for Poonia's cell phone records. Jain testified that the record at issue was a cell phone bill for Poonia's company-issued Blackberry cell phone. The bill was from Rogers, the cell phone provider, for the time period from March 26, 2008 to April 1, 2008. Jain testified that he relied upon Rogers' cell phone bills in the regular course of his business, but he did not generate the bill or know how it was generated by Rogers.

The defendant argues that the government failed to lay a proper foundation for the admission of the GPS and cellular phone records because Jain did not create the records and could not testify as to how the records were created and maintained.

Contrary to the defendant's position, the Court finds that Jain laid the proper foundation for the records at issue. The Second Circuit has repeatedly stated that Rule 803(6) (the business record exception) "favor[s] the admission of evidence rather than its exclusion if it has any probative value at all," United States v. Williams, 205 F.3d 23, 34 (2d Cir. 2000) (quoting Matter of Ollag Constr. Equip. Corp., 665 F.2d 43, 46 (2d Cir. 1981)), and that the "'principal precondition' to admissibility is that the record have 'sufficient indicia of trustworthiness to be considered reliable.'" Id. (quoting Saks Int'l v. M/V "EXPORT CHAMPION", 817 F.2d 1011, 1013 (2d Cir. 1987)). To lay an adequate foundation, the custodian of the record need not have personal knowledge of the actual creation of the document. Id. See also United States v. Adefehinti, 510 F.3d 319, 325 (D.C. Cir. 2007); United States v. Jakobetz, 955 F.2d 786, 800 (2d Cir. 1992).

5

In <u>Jakobetz</u>, the Second Circuit held that a toll receipt incorporated into the records of a company was admissible as a business record of that company, despite the fact that the company did not make or create the toll receipt. The Court held that "Rule 803(6) allows business records to be admitted if witnesses testify that the records are integrated into a company's records and relied upon in its day to day operations." <u>Id.</u> at 801 (internal quotation omitted). Therefore, "[e]ven if the document is originally created by another entity, its creator need not testify when the document has been incorporated into the business records of the testifying entity." <u>Id</u>. <u>See also</u> <u>Matter of Ollag Construction Equipment Corp.</u>, 665 F.2d 43, 46 (2d Cir.1981) (finding that financial statements prepared by debtors at the request of the bank were admissible under business records exception where the records were integrated into the banks records and relied upon by the bank in its day-to-day operations).

Several other courts have also upheld the admission of records under 803(6) where the custodian did not actually create the record but instead took custody of it and incorporated it into its own business records. For example, in <u>United States v. Duncan,</u> 919 F.2d 981, 986 (5th Cir.1990), the Fifth Circuit found that there was "no requirement that the records be created by the business having custody of them," and therefore an insurance company employee could lay an adequate foundation for admitting doctor and hospital records where those records were acquired by the insurance company and incorporated into its own records in the ordinary course of its business. <u>See also</u> <u>Air Land Forwarders, Inc. v. United States,</u> 172 F.3d 1338. 1342 (9th Cir. 1999) (repair estimates prepared by third parties and submitted to the military for payment were properly admitted as business records of the military); <u>United States v. Doe</u>, 960 F.2d

221, 223 (1st Cir.1992) (holding that an invoice was properly admitted under the business record exception even though it was prepared by a third party, where the custodian of the record acquired and relied upon that invoice in the ordinary course of his business); United States v. Carranco, 551 F.2d 1197, 1200 (10th Cir.1977) (holding that a freight bill that was prepared by one company was properly admitted as a business record of a second company where an employee of the second company testified that it adopted and relied upon such freight bills in the ordinary course of its business).

Here, Jain was the custodian of the GPS and cellular telephone records at issue. He testified that he obtained custody of those records and relied upon them in the ordinary course of his business. The Court finds that this foundation was sufficient to satisfy the foundation requirements of Fed. R. Evid. 803(6).

## **CONCLUSION**

Because the Court finds no error, the defendant's motion for a new trial is denied.

The parties shall appear on August 26th, 2009 at 1:00 p.m. for sentencing.

The schedule for the submission of sentencing papers is amended as follows: Statement with Respect to Sentencing Factors, objections and/or motions due by 8/5/2009; responses to objections and/or motions due by 8/12/2009; motions to adjourn sentencing due by 8/17/2009; final Presentence Investigation Report due by 8/19/2009;

character letters and/or sentencing memorandum in support of the defendant due by 8/19/2009.

    SO ORDERED.

                                           *s/ Richard J. Arcara*
                                           HONORABLE RICHARD J. ARCARA
                                           CHIEF JUDGE
                                           UNITED STATES DISTRICT COURT

DATED: July 15, 2009