UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAWSON WOOD,

                                  Petitioner,

                                                   DECISION AND ORDER
     v.                                                   08-CR-92A
                                                                10-CV-646A

UNITED STATES OF AMERICA,

                                  Respondent.

---

      Following his conviction after trial for unlawfully importing 100 kilograms of marijuana into the United States, possessing 100 kilograms of marijuana with the intent to distribute it, and fraudulently importing merchandise into the United States, petitioner Dawson Wood, was sentenced by this Court to 97 months of imprisonment and 5 years of supervised release. Judgment of conviction was entered on October 19, 2009. Petitioner did not appeal his conviction.

      On August 5, 2010, petitioner filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate his judgment of conviction. In his petition, petitioner asserts, *inter alia*, that his counsel was ineffective because counsel failed to file a notice of appeal, despite petitioner's instructions to do so.

      The government filed a response in opposition to the motion on November 3, 2010. As part of its response, the government provided an affidavit from petitioner's trial counsel, Angelo Musitano, Esq., wherein Mr. Musitano affirms that he "was never instructed to file a notice of appeal." *See* Dkt. No. 70-1. Instead, the defendant expressed his desire to pursue a transfer from a United States prison to Canada, and

asked counsel to assist in pursuing the transfer. Counsel did so by sending a letter to the Canadian International Transfer Unit expressing petitioner's intent to "fil[e] a petition to transfer [him] back into Canada." *Id.*

Petitioner filed a reply to the government's response. In his reply, petitioner acknowledges that, after consultation with counsel, he agreed to forgo filing a notice of appeal in lieu of seeking a transfer to Canada. Specifically, petitioner states:

> Petitioner discussed the options of direct appeal, but counsel conveyed to defendant that the appeal would not be successful, and that petitioner was better served with pursuing his treaty transfer to Canada.
>
> Therefore, the agreement with counsel was that counsel substantially assist in the treaty transfer process instead of pursuing the appeal. . . .

*See* D.t. No. 73, at 1-2.

## **DISCUSSION**

The Supreme Court has long held that a defendant claiming ineffective assistance of counsel must show: (1) that counsel's representation "fell below an objective standard of reasonableness," and (2) that counsel's deficient performance prejudiced the defendant. *See Strickland v. Washington*, 466 U.S. 668 (1984). In *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000), the Supreme Court held that the *Strickland* test for ineffective assistance of counsel applies to claims, like the one at issue here, that counsel was ineffective for failing to file a notice of appeal.

In assessing whether counsel's failure to file a notice of appeal constitutes ineffective assistance, the Court explained that "a lawyer who disregards specific

instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id*. A defendant who establishes that his attorney failed to file a direct appeal despite being instructed to do so is entitled to a finding that his attorney rendered professionally unreasonable assistance, a conclusive presumption of prejudice, and an opportunity to file a direct appeal. *Id.* at 477, 483-84; *see also Campusano v. United States*, 442 F.3d 770 (2d Cir.2006) (attorney who ignores specific instruction to appeal renders ineffective assistance even where defendant has pleaded guilty and executed an appeal waiver).

However, "[a]t the other end of the spectrum, a defendant who explicitly tells his attorney *not* to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Roe*, 528 U.S. at 477 (emphasis in original).

In this case, although petitioner initially claimed that he told his attorney to file a notice of appeal and his attorney failed to do so, petitioner later acknowledged that after discussing the benefits and disadvantages of filing an appeal with counsel, he and counsel agreed that the better course would be to forgo filing a direct appeal in lieu of pursuing a transfer to Canada. *See* D.t. No. 73. Petitioner's latter concession comports with Mr. Musitano's statement that he was not directed to file a notice of appeal, and instead, defendant Wood expressed a desire to be sent back to Canada to serve his sentence.[1]

---

[1] In light of petitioner's concession that he agreed not to pursue an appeal, there is no factual dispute as to what occurred and therefore no need to hold a hearing pursuant to *Campusano v. United States*, 442 F.3d 770 (2d Cir. 2006).

This Court finds the Supreme Court's decision in *Roe* dispositive of the issue of whether counsel was ineffective under the circumstances presented here. The Supreme Court has stated:

> In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal. We employ the term "consult" to convey a specific meaning-advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes. If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.

*Roe*, 528 U.S. at 478. By petitioner's own admission, he discussed the advantages and disadvantages of pursuing a direct appeal with Mr. Musitano and, after consultation, agreed that an appeal likely would be unsuccessful and would further delay his return to Canada. Petitioner asked counsel to "assist in the treaty transfer process instead of pursuing the appeal." Counsel reasonably advised petitioner that if he pursued his appeal, it would likely be unsuccessful, and that his desired transfer to Canada would occur more expeditiously if petitioner decided to forgo the appeal. A direct appeal would have delayed petitioner's transfer to Canada. *See* 18 U.S.C. § 4100(c) ("An offender shall not be transferred to or from the United States if a proceeding by way of appeal or of collateral attack upon the conviction or sentence be pending."). By his own admission, Mr. Musitano advised petitioner that he "would get home faster" if he did not pursue a direct appeal. Upon consultation with his attorney, petitioner agreed. It was not objectively unreasonable for counsel to recommend that course of action in light of

his professional judgment that success on appeal was unlikely and the perceived benefit of forgoing the appeal. *See United States v. Brunshtein*, 545 F. Supp. 2d 357 (S.D.N.Y. 2008) (holding that appellate counsel was not ineffective in advising the defendant to withdraw his Crosby appeal and seek international prison transfer). In fact, even if the direct appeal had been successful, the result would have been a new trial, not dismissal of the charges. A new trial would only serve to further delay petitioner's expressed desire to return to Canada.[2]

To the extent that the defendant is claiming that his attorney failed to adequately assist him in with his transfer to Canada, that claim fails. The issue here is whether counsel was ineffective for failing to file a notice of appeal. For the reasons stated, he was not. Moreover, there is evidence showing that counsel took some steps to assist petitioner with his transfer. Counsel sent a letter to the Canadian International Transfer Unit advising that entity that the petitioner, a Canadian Citizen, desired to be transferred back to Canada.[3] In any event, counsel's failure to adequately pursue a transfer to

---

[2] Another benefit to forgoing the appeal - which is not referenced in the pleadings but is clear from the record - is the risk that the government would file a cross-appeal of defendant's *Booker* sentence. This Court sentenced petitioner to 97 months, which was well below the advisory guideline range of 151 to 188 months. Mr. Musitano likely advised the petitioner that a direct appeal could prompt the government to cross-appeal the *Booker* sentence and risk imposition of a higher sentence upon remand.

[3] Pursuant to 18 U.S.C. § 4102(3), the Attorney General of the United States is granted sole discretion to transfer offenders under a sentence of imprisonment to the foreign countries of which they are citizens. That authority has been delegated by the Attorney General to the Bureau of Prisons. *See* 28 C.F.R. § 0.96b. Petitioner has not stated whether he has pursued an application to the Bureau of Prisons seeking a transfer back to Canada. Whether counsel took additional steps to pursue the transfer, and whether the steps actually taken were the correct ones, are issues that are not currently before this Court. The issue before this Court is whether counsel was constitutionally ineffective for recommending that the petitioner forgo his direct appeal in lieu of pursuing a transfer to Canada.

Canada would not constitute ineffective assistance.

## CONCLUSION

For the reasons stated, petitioner's § 2255 motion is denied in all respects. Further, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.

The Clerk of the Court is directed to take all steps necessary to close this case.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: January 27 , 2011